# Chesapeake & Ohio Railway Company v. Arrowood.

(Decided January 23, 1920.)

## Appeal from Johnson Circuit Court.

Adjoining Land Owners—Blasting Operations—Negligence—Question for Jury.—In an action by an adjoining land owner to recover damages of a railway company for the destruction of his property by fire, evidence examined, and question whether the fire was

caused by a defective flue, and the defective condition of the flue was due to negligent blasting by defendant, held for the jury.

WORTHINGTON, COCHRAN & BROWNING and M. C. KIRK for appellant.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

W. J. Arrowood brought this suit against the Chesapeake & Ohio Railway Company to recover damages for the destruction of his house by fire, alleged to have been caused by the negligent blasting of defendant. From a verdict and judgment in his favor for $750.00 the railway company appeals.

The failure of the trial court to direct a verdict in favor of defendant is the only error complained of.

Plaintiff's house was located on the west side of the Big Sandy river in Johnson county. Defendant's right of way was on the other side of the river. On the Friday preceding the fire, which occurred on Tuesday, defendant was engaged in clearing its road bed of large rocks and other obstructions by means of blasts. On that day only twelve to twenty sticks of dynamite were used at one shot. Even then, the blasts jarred the putty in plaintiff's windows, knocked out one light, threw the kitchen door open so that it would not latch any more and caused soot and stuff to fall down from the flue. The same day plaintiff's wife was warned to leave the premises, because defendant's employees intended to fire heavier shots. She then went to the home of her father-in-law and returned Saturday evening. After her departure the shots were much heavier, some of them being composed of forty sticks of dynamite, and the concussion was so great that the cooking utensils and pictures were shaken from the walls of the adjoining houses. The blasting continued throughout Friday and Saturday. When Mrs. Arrowood returned, she found dirt, soot, and mortar from the flue on the stove. She made two fires in the house on Sunday, two on Monday and one on Tuesday morning. The house caught fire about eight o'clock Tuesday morning and was burned down. The fire caught in the garret above the kitchen and burned downward. There was no fire in the garret. The stovepipe was in good condition. It further appears that the house had been built for a number of

years and the flue had never given any trouble before. The flue was built on the joist and fastened by iron hangers.

It is argued on behalf of the defendant that the evidence was as consistent with the theory that the fire was due to some other cause, as it was with the theory that it was due to defendant's negligence; hence, there was a failure of proof and the case should not have gone to the jury. Prior to the blasting, the flue had never given any trouble. The fire did not break out in the room where the stove was. It originated in the garret. There was no stove in the garret or anything else that could cause a fire except the flue. It is clear, therefore, that the fire must have caught from the flue. Even the first shots fired on Friday were sufficient to knock out window panes and to jar soot and stuff from the flue. The shots fired on the next day were much heavier and the shaking of adjoining houses was much more violent. When Mrs. Arrowood returned, she found mortar on the stove that had come from the flue, thus showing that the concussion was sufficient to loosen the bricks. Since there had been no trouble with the flue before, and the fire did not occur until after the blasting, which the evidence shows was not only sufficient to render the flue defective, but did remove the mortar from between the bricks, the case is one, in our opinion, where the evidence not only tended to exclude the reasonable probability of the fire occurring in any other way, but naturally supported the inference that the fire was caused by the defective condition of the flue and such condition was due to the negligent blasting by defendant. That being true, the question was for the jury and the trial court did not err in refusing to direct a verdict in favor of defendant.

Judgment affirmed.